IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JOE HENRY MAIOLO,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )          CIVIL ACTION NO.: 5:06-0587
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
            Defendant.               )

<u>MEMORANDUM OPINION</u>

On November 4, 2003, Plaintiff, acting *pro se*, initiated proceedings in the District Court challenging Defendant's computation of the amount of Disability Insurance Benefits he had received and determination that he had received the correct amount. <u>Maiolo v. Barnhart</u>, Civil Action No. 5:03-2314, Document No. 1. The undersigned filed Proposed Findings and Recommendation on October 29, 2004. <u>Id.</u>, Document No. 16.  Finding error in Defendant's application of the average indexed monthly earnings (AIME) method to calculate Plaintiff's primary insurance amount (PIA), the undersigned recommended that the matter be remanded. By Judgment Order filed on January 28, 2005, the District Court accepted the undersigned's recommendation and remanded the matter to Defendant. On remand, Administrative Law Judge Valerie A. Bawolek presided. Judge Bawolek held a hearing on July 11, 2005. (Tr. at 185 - 190.) Judge Bawolek issued her Decision on December 27, 2005. (Tr. at 174 - 177.) With the undersigned's Proposed Findings and Recommendation before her, Judge Bawolek considered the issues presented on remand and stated that "[f]or reasons set forth below, I find the Court's PIA does not represent the claimant's initial PIA. Further, I disagree with [claimant's representative's] assertion . . . that the Court's PIA calculation is one that the SSA is required to accept." Judge Bawolek stated that "I accept and adopt the SSA calculation as to the initial PIA." Proceeding through the three-step

method for determining Plaintiff's primary insurance amount, Judge Bawolek took into account
Plaintiff's military service and determined his base years to be from 1952, Plaintiff's first year of
earnings, to 1980, the year Plaintiff was found to be disabled. ALJ Bowelek then determined that 22
years elapsed between the year Plaintiff became 22 years old (1958) and the year he became disabled
(1980). Judge Bawolek then determined that the Regulations permitted 4 disability dropout years.[1]
Accordingly, she added up the highest indexed earnings for 18 of the 22 years to reach the figure
$179,500.32 and divided that number by 216, the number of months in the 18-year period, to reach the
figure $831.02 or $831.00 as Plaintiff's primary insurance amount. ALJ Bawolek then applied the
benefit formula in effect for 1980 as set forth at Appendix II to Subpart C of Part 404 and determined
that $432.70 is "the original PIA upon which the claimant's payments have been based since March,
1981," ALJ Bawolek concluded that Plaintiff "has been paid all monies due him under the Social
Security Act."

On March 28, 2006, Plaintiff, acting *pro se*, filed a Motion to Reopen Maiolo v. Barnhart, Civil
Action No. 5:03-2314.[2] Id., Document No. 18. On July 27, 2006, the District Court ordered that a new

---

[1] The Court notes that ALJ Bawolek stated in her October 15, 2002, Decision that "[t]here are twenty three years elapsing after 1957 (the year the claimant attained age 21) and 1980 (the year the claimant became disabled. The lowest five years of indexed earnings are dropped. This leaves the highest eighteen years of indexed earnings to use in the computation." (Tr. at 15.) In her December 27, 2005, Decision under review, ALJ Bawolek states that "the claimant's elapsed years are from 1958 (the year he became 22) to 1979 – the year before the claimant became disabled – 22 elapsed years." (Tr. at 176.) She then divided Claimant's 22 elapsed years by five and concluded that there were four disability dropout years leaving eighteen of the elapsed years to be used in calculating Plaintiff's average indexed monthly earnings, not seventeen as the Court determined. (*Id.*)

[2] Because Plaintiff has continued in this matter *pro se*, the Court reads the documents which he has filed and considers his allegations and claims liberally. Thus, the Court considers all of the documents which Plaintiff has filed together as containing all of his claims upon which he asserts entitlement to judgment against Defendant.

case be opened with Plaintiff's Motion to Reopen as the initial document. Id., Document No. 19. Accordingly, Plaintiff's Motion to Reopen is Document No. 1 in this matter.

On July 28, 2006, Plaintiff, acting *pro se*, filed a Complaint. (Document No. 4.)[3] Plaintiff asserts that the Social Security Administration has made numerous mistakes and references its different conclusions in calculation his benefits respecting drop out years. Plaintiff states that "[a]lso the Social Security Administration did not follow the guidelines set forth by the Court. Also my date of disability is October 1, 1980 . . .." On October 10, 2006, Defendant filed a Motion to Dismiss Plaintiff's Complaint and Brief in Support contending that Plaintiff initiated this action beyond the time allowed after ALJ Bawolek's December 27, 2005, Decision. (Document Nos. 11 and 12.) On October 11, 2006, Plaintiff filed a Motion for Default Judgment claiming that "the Social Security Administration did not get the transcript in on time. Further, they probably got the service before they said. The arrival time for them is not in the postal service record." (Document No. 13.) On October 18, 2006, Plaintiff filed a Reply to Defendant's Motion to Dismiss and Request for the Court to Deny the Defendant's Motion to Dismiss (Document No. 15.) and a Brief and Memorandum of Law in Support of Plaintiff's Request for the Court to Deny Defendant's Motion to Dismiss; or in the Alternative Brief and Memorandum of Law in Support of Plaintiff's Motion for Tolling of the Statute of Limitations (Document No. 16.). On October 23, 2006, Plaintiff filed a Motion to Correct Transcript and a Memorandum in Support. (Document Nos. 17 and 18.) Plaintiff claims that the administrative transcript does not contain a copy of his exceptions to ALJ Bawolek's December 27, 2005, Decision and the Docket Sheet and the District Court's July 27, 2006, Order in Maiolo v. Barnhart, Civil Action No. 5:03-2314. On October 27, 2006,

---

[3] The parties have consented to proceeding before a United States Magistrate Judge. (Document Nos. 6 and 7.)

Defendant filed a Motion to Withdraw the Motion to Dismiss. (Document No. 19.) Defendant also filed

an Answer to Plaintiff's Complaint. (Document No. 20.)

On October 27, 2006, Plaintiff filed a Memorandum in Support of Complaint. (Document No.

21.) Plaintiff states that "[t]he plaintiff and the defendant disagree on two issues. First the plaintiff states

that the defendant used 1978 as opposed to 1979 as his index year . . .. Second the plaintiff disputes the

validity of 20 CFR 404.211(e)(3) being used by the defendant as legal precedent for his claim . . .."

Plaintiff contends that "the onset of disability is incorrect in the Administrative Transcript because it

is not supported by substantial evidence." Plaintiff cites documents in the record indicating that his

March 15, 1980, as the date of onset of his disability.[4] Respecting the date of the onset of his disability,

Plaintiff claims that "his onset date and eligibility date for disability is March 15, 1980 (the date claimed

by the plaintiff) or January 29, 1981 – the date when Social Security had enough medical data to verify

his disability, not October, 1980. He is thus entitled to retroactive benefits to the date of March 15, 1980

or he is likewise entitled to the 5 years of drop out application previously administered by the federal

---

[4] The undersigned finds that the documents indicate March 15, 1980, as the date Plaintiff *alleged* that he became disabled and not the actual date which the Social Security Administration determined he became disabled. *See* 20 C.F.R. § 404.321 and SSR 83-20 indicating that the alleged onset date is only one consideration in determining the actual onset date. The documents to which Plaintiff refers therefore do not evidence that the Social Security Administration determined that his actual onset date was March 15, 1980. Plaintiff argues that medical evidence supports his contention that his onset date was March 15, 1980, as he alleged. Whether substantial evidence supports the Social Security Administration's determination respecting the date of onset of Plaintiff's disability is, however, not in issue. The date was determined and the determination became final long ago, and the time for challenging it has certainly expired. The date of onset of Plaintiff's disability is as substantially evident from documents of the Social Security Administration in the record. The record does not contain any document indicating the Social Security Administration's actual determination of Plaintiff's date of onset. Plaintiff has not submitted any document or information indicating that the Social Security Administration actually determined that his actual onset date was the same as the date he alleged, March 15, 1980. The record contains the printout to which ALJ Bawolek referred indicating "DATE OF ONSET: 10/01/1980". (Tr. at 237.) The undersigned finds that this document constitutes sufficient evidence that the Social Security Administration concluded years ago and rightfully maintains now that the Plaintiff's onset date was October 1, 1980.

Court and agreed to by the plaintiff pursuant to Code of Federal Regulations with preference given to 20 CFR 404.211(e)(1) and not (e)(3)." Plaintiff agrees "that the indexing year was properly applied by the Commissioner as being 1978 and not 1979." Plaintiff states that he "disputes the application of the benefits formula in his case relying on an inaccurate onset of disability date . . . ." Plaintiff then proceeds to compute his average indexed monthly earnings stipulating that (1) the computation base years are 1958 through 1979 and 17 years under 20 C.F.R. § 404.211(4)(e)(1); (2) his actual earning for the computation years are accurately set forth in the record; and (3) Defendant's "calculations were used for the March 1980 onset (same year as October 1980 onset) differing only on monthly division of 204 as opposed to 216 referring to the change in law in June of 1980 . . .. The plaintiff alleges that an erroneous date of disability after the law changed was purposely calculated by the defendant to decrease his drop out years from 4 to 5. He is due retroactive benefits." Plaintiff then calculates that his average indexed monthly earnings are $52.00 per month higher than previously determined and his primary insurance amount is $22.80 higher. Plaintiff requests payment of benefits back to March, 1980; $22.80 a month for the entire period during which he has drawn disability benefits; costs and expenses; and other relief as the Court may deem appropriate. Alternatively, Plaintiff requests that the Court find his onset date to be January 29, 1981, and calculates his benefits on this basis. Under this scenario, Plaintiff refers to Exhibits computing his averaged indexed monthly earning and primary insurance amount and requests payment of $16.80 per month for the entire period during which he has drawn disability benefits, costs and expenses and other relief as appropriate.

On December 21, 2006, Defendant filed a Brief in Support of Judgment on the Pleadings. (Document No. 28.) Referring to ALJ Bawolek's Decision, Defendant asserts that Plaintiff's onset date

was October 1, 1980.[5] Defendant asserts that Plaintiff's PIA was properly computed. Defendant notes respecting the "drop-out" rule that "the Court erred in applying the standard (five years subtracted from the elapsed years) for an individual such as Plaintiff who became to disability after June 1980. Thus, the Court's elapsed year finding of 17 years was incorrect." On December 29, 2006, Plaintiff filed his Second Motion to Correct Administrative Transcript and Brief in Support. (Document Nos. 29 and 30.) Plaintiff again asserts that the administrative transcript does not contain his exceptions to Judge Bawolek's decision and that the Court must order Defendant to provide them. Additionally, Plaintiff states that "he became disabled on March 15, 1980, . . . and that he was not paid benefits beginning October 1980. He was paid benefits beginning March, 1981." On December 28, 2006, Plaintiff filed a Motion for Default Judgment and Request for Oral Hearing. (Document No. 31.) Plaintiff claims that "default judgment may be entered against the Commissioner of Social Security where the defendant offered no facts to excuse failure to timely answer the complaint filed by the plaintiff and default judgment is supported by evidence presented." Plaintiff requests a hearing "to prove his right to relief under default judgment . . .." On December 29, 2006, Plaintiff filed a Reply to Defendant's Brief in Support of Judgment on the Pleadings. (Document No. 32.) Plaintiff contends that (1) the ALJ's "calculations are made with the wrong onset date of disability"; (2) the ALJ erred then in determining on the basis of the wrong onset date that he was entitled to four and not five dropout years; and (3) "[t]he ALJ errs in her responsibility to explain her findings and rationale as to why if the plaintiff became disabled on March 15, 1980 she strategically refuses to explain that the plaintiff did not receive any payment, retroactive or otherwise, prior to March of 1981 at any time in the history of his claim. Thus, the Commissioner is giving the plaintiff an October 1980 onset date and then applying the months

_____

[5] As noted above, ALJ Bawolek refers to the Social Security Administrations printout indicating "DATE OF ONSET: 10/01/1980". (Tr. at 237.)

of withholding altering the mathematical equation and the rule of law that applies to the calculations of the plaintiff's disability insurance benefits." Plaintiff states that he "does not dispute the average index monthly earnings method outlined by defendant. The plaintiff does not dispute the average indexed monthly earnings determination outlined by defendant. The plaintiff disputes that the Commissioner properly utilized the AIME method in computing Plaintiff's PIA because she focused only on the military benefits already agreed to be settled in this case. The plaintiff does not dispute the computation base years the Commissioner applied to the plaintiff's calculation of benefits and he does not dispute that the total number of elapsed years totals 22." On April 9, 2007, Plaintiff filed a document entitled "In the Alternative to Plaintiff's Motion for Default Judgement Hearing and Defendant's Motion for Judgment; Plaintiff's Motion to Remand." (Document No. 33.) Plaintiff seeks remand "to provide the ALJ new information to support his position that an onset date of disability of March 15, 1980 mandates additional benefits be paid." On May 1, 2007, Defendant filed a Response in Opposition to Plaintiff's Motion to Remand. (Document No. 36.) Defendant asserts that documents of record evidence that the Social Security Administration determined that the date of onset of his disability was October 1, 1980, and the ALJ correctly applied the formula in concluding that Plaintiff had four dropout years. On May 23, 2007, Plaintiff filed a Response to Defendant's Reply to his Motion to Remand. (Document No. 40.) Plaintiff reiterates his positions amid resounding accusations of dishonesty.

## DISCUSSION

As the Court noted above, it is evident from the record that the Social Security Administration determined long ago that the date of onset of Plaintiff's disability was October 1, 1980. Plaintiff was therefore entitled to receive disability insurance benefits beginning on March 1, 1981. See 20 C.F.R. § 404.315(a)(4)("You are entitled to disability benefits while disabled . . . if – * * * (4) You have been

disabled for five full consecutive months.") The determination of the date of onset of Plaintiff's disability is final and cannot now be challenged.

Because Plaintiff became disabled after 1978, the average indexed monthly earnings method is utilized to compute his primary insurance amount. 20 C.F.R. § 404.210(a). Section 404.210(b) provides as follows respecting application of this method:

> (b) *Steps in computing your primary insurance amount under the average-indexed-monthly earnings method*. We follow these three major steps in computing your primary insurance amount:
> (1) First, we find your *average indexed monthly earnings*, as described in § 404.211;
> (2) Second, we find the *benefit formula* in effect for the year you reach age 62, or become disabled or die before age 62, as described in § 404.212; and
> (3) Then, we apply that benefit formula to your average indexed monthly earnings to find your primary insurance amount as described in § 404.212.
> (4) Next, we apply any automatic cost-of-living or *ad hoc* increases in primary insurance amounts that became effective in or after the year you reached age 62, unless you are receiving benefits based on the minimum primary insurance amount, in which case not all increases may be applied, as described in § 404.277.

20 C.F.R § 404.211(d) explains how earnings are indexed as follows:

> (d) *Indexing your earnings*. (1) The first step in indexing your social security earnings is to find the relationship (under paragraph (d)(2) of this section) between –
> (i) The average wage of all workers in your computation base years; and
> (ii) The average wage of all workers in your *indexing year*. As a general rule, your indexing year is the second year before the earliest of the year you reach age 62, or become disabled or die before age 62. * * *
> (2) To find the relationship, we divide the average wages for your indexing year, in turn, by the average wages for each year beginning with 1951 and ending with your indexing year. We use the quotients found in these divisions to index your earnings as described in paragraph (d)(3) of this section.
> (3) The second step in indexing your social security earnings is to multiply the actual year-by-year dollar amounts of your earnings (up to the maximum amounts creditable, as explained in §§ 404.1047 and 404.1096 of this part) by the quotients found in (d)(2) of this section for each of those years. We round the results to the nearer penny.

20 C.F.R. § 404.211(b)(1) states that "[i]n computing your average indexed monthly earnings we use wages, compensation, self-employment income and deemed military wage credits . . . that are creditable

to you for social security purposes for years after 1950." 20 C.F.R. § 404.211(e) explains how the number of years considered in finding the average indexed monthly earnings is determined.

> (E) *Number of years to be considered in finding your average indexed monthly earnings*. To find the number of years to be used in computing your average indexed monthly earnings –
> (1) We count the years beginning with 1951, or (if later) the year you reach age 22, and ending with the earliest of the year before you reach age 62, become disabled or die. * * * these are your *elapsed years*. From your elapsed years, we then subtract up to 5 years, the exact number depending on the kind of benefits to which you are entitled.
> * * *
>
> (3) Where the worker is first entitled to disability insurance benefits (DIB) after June 1980, there is an exception to the usual 5 year dropout provision explained in paragraph (e)(2) of this section. (For entitlement before July 1980, we use the usual dropout.) We call this exception the *disability dropout*. We divide the elapsed years by 5, and disregard any fraction. The result which may not exceed 5, is the number of drop out years. We subtract that number from the number of elapsed years to get the number of benefit computation years, which may not be fewer than two.

20 C.F.R. § 404.211(f) states as follows:

> (f) *Your average indexed monthly earnings*. After we have indexed your earnings and found your benefit computation years, we compute your average indexed monthly earnings by –
> (1) Totaling your indexed earnings in your benefit computation years;
> (2) Dividing the total by the number of months in your benefit computation years; and
> (3) Rounding the quotient to the next lower whole dollar, if not already a multiple of $1.

20 C.F.R. § 404.212 explains how the primary insurance amount is computed as follows:

> (a) *General*. We compute your primary insurance amount under the average-indexed -monthly-earnings method by applying a *benefit formula* to your average indexed monthly earnings.
> (b) *Benefit formula*. (1) We use the applicable benefit formula in appendix II for the year you reach age 62, become disabled, or die whichever occurs first. * * *
> (c) *Computing your primary insurance amount from the benefit formula*. We compute your primary insurance amount by applying the benefit formula to your average indexed monthly earnings and adding the results for each step of the formula. For computations using the benefits formulas in effect for 1979 through 1982, we round the total amount to the next higher multiple of $0.10 if it is not a multiple of $0.10 . . ..

The Court finds that Judge Bawolek's analysis on remand is fully consistent with the above Regulations and correct. Judge Bawolek correctly determined that the date of onset of Plaintiff's disability was October 1, 1980. She properly considered Plaintiff's years of military service. She correctly found that there were 22 elapsed years and four dropout years, not five as the Court mistakenly stated, leaving eighteen years for calculating Plaintiff's average indexed monthly income. She properly totaled Plaintiff's earnings for those years and divided them by the number of months in the eighteen year period. She then applied the appropriate benefit formula in effect for 1980 as set forth in Appendix II, Part 4, Subpart C, to find Plaintiff's original primary insurance amount in March, 1981. ALJ Bawolek's independent analysis confirms the accuracy of the calculations contained in the Social Security Administration's printout respecting Plaintiff's benefits. (Tr. at 237 - 239.) Thus, ALJ Bawolek correctly concluded that Plaintiff "has been paid all monies due him under the Social Security Act." (Tr. at 177.)

Accordingly, by Judgment Order entered this day, the Court will deny Plaintiff's claims for relief including his Motions to Correct Transcript and for Default Judgment and Remand (Document Nos. 13, 17, 29, 31 and 33.), grant Defendant's Motions to Withdraw Motion to Dismiss and for Judgment on the Pleadings (Document Nos. 19 and 28.), affirm the Defendant's administrative decision and dismiss this matter and remove it from the docket of this Court.

The Clerk is directed to send a copy of this Memorandum Opinion to Plaintiff ,who is acting *pro se*, and counsel of record.

ENTER: September 26, 2007.

R. Clarke VanDervort
United States Magistrate Judge

10